UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANCHELLA SMITH | CIVIL ACTION NO.: 23-2301 |
| VERSUS | JUDGE: |
| SCOTTSDALE INSURANCE COMPANY | MAGISTRATE JUDGE: |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE U. S. DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

**NOW INTO COURT**, through undersigned counsel, comes defendant Scottsdale Insurance Company ("Scottsdale"), who respectfully files this Notice of Removal based on the following:

1.

Plaintiff, Wanchella Smith, filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, in the action entitled *Wanchella Smith v. Scottsdale Insurance Company*, Docket No. 2023-04155, Division "G," Section 11, on or about May 8, 2023.

2.

For the reasons set forth below, Scottsdale respectfully suggests that this Court has subject matter jurisdiction over this proceeding in accordance with 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.

Scottsdale was served with Plaintiff's Petition for Damages through the Louisiana Secretary of State on or about June 2, 2023. Scottsdale has not filed an Answer to

Plaintiff's Petition or otherwise made an appearance in the state court proceedings. Therefore, the period for filing a Notice of Removal has not lapsed.

4.

As reflected in Plaintiff's Petition, Plaintiff is "a natural person of the full age of majority who is domiciled in New Orleans, Louisiana..."[1] Domiciliary status and citizenship are synonymous for individuals 28 U.S.C. § 1332. Plaintiff is a Louisiana domiciliary. Accordingly, Plaintiff is a Louisiana citizen.

5.

As reflected in the Petition, Scottsdale is a foreign out-of-state insurer.[2] For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332. Scottsdale is an Ohio corporation with its principal place of business in Ohio.[3] Accordingly, Scottsdale is a citizen of Ohio.

6.

Therefore, the parties in this case are completely diverse. Plaintiff is, on information and belief, a citizen of Louisiana. Scottsdale is a citizen of Ohio.

7.

A defendant seeking to remove a case must also establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 to maintain diversity jurisdiction. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). A defendant may prove the jurisdictional amount in one of two ways: "(1) by demonstrating

---

[1] Exhibit "A", State Court Pleadings, Plaintiff's Petition at ¶ 1(a).
[2] Exhibit "A", State Court Pleadings, Plaintiff's Petition at ¶ 1(b).
[3] See Exhibit B, Ohio Secretary of State Records for Scottsdale Insurance Company.

that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).

8.

The allegations in Plaintiff's Petition, combined with Scottsdale's claims history for Plaintiff's claim, together indicate that the amount in controversy exceeds the jurisdictional amount set forth under 28 U.S.C. 1332(a).

9.

Plaintiff further alleges that Scottsdale violated Louisiana's bad faith statutes, including La. R.S. 22:1892 and 22:1973.[4] If Scottsdale is found to have violated La. R.S. 22:1892, Plaintiff could be entitled to an award of penalties up to half the amount she is found to be owed under the policy, plus attorney fees.

10.

Further, if Scottsdale is found to have violated La. R.S. 22:1973, Plaintiff could be entitled to an award of penalties that equal as much as double the amount of her damages, plus any damages incurred as a consequence of Scottsdale's alleged failure to pay, plus attorney fees. La. R.S. 22:1973(C).

11.

Plaintiff has submitted a demand to Scottsdale, seeking damages, statutory penalties, and attorney's fees in the amount of $78,356.60.[5] Specifically, Plaintiff claims she is entitled to damages in the amount of $26,320.27 (in accordance with the allegations

---

[4] See Exhibit A, State Court Pleadings, Plaintiff's Petition at ¶¶ 25-27, 29, and 30.
[5] See Exhibit C, Demands from Plaintiff's Counsel.

relating to damages contained in the Petition),[6] $32,594.47 in penalties and $19,441.86 in attorney's fees under La. R.S. 22:1892 and 22:1972.[7] Thus, the total amount in controversy exceeds the jurisdictional amount of $75,000.00.

12.

Therefore, because Plaintiff is diverse from Defendant, and because the amount in controversy exceeds the jurisdictional amount, 28 U.S.C. § 1332 grants this Court original jurisdiction over this action. 28 U.S.C. §1441 further authorizes the removal of this action to this Court.

13.

Scottsdale is the only named Defendant in this lawsuit and thus is not required to seek the consent of any other defendant. 28 U.S.C. § 1446(b)(2)(a).

14.

A copy of this Notice of Removal is being served on Plaintiff through her counsel of record and a copy of said Notice of Removal will be filed promptly with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

15.

Based on information and belief, Exhibit "A" hereto consists of all pleadings and process contained in the state court record as of the date of the filing of this Notice of Removal.  Exhibit "A" includes the following documents: Plaintiff's Petition for Damages, Service copies of Petition issued, and Case Management Order Regarding Certain Property Damage Suits Arising From Hurricane Ida.

---

[6] See Exhibit A, State Court Pleadings, Plaintiff's Petition at ¶ 15.
[7] See Exhibit C, Demands from Plaintiff's Counsel.

16.

Scottsdale expressly reserves any and all defenses, whether in law or in fact, including but not limited to, lack of jurisdiction, improper venue, insufficient service of process, prescription, laches, failure to state a claim upon which relief can be granted and/or limitation of liability on its own behalf and/or on behalf of its underwriters.

**WHEREFORE**, defendant Scottsdale Insurance Company prays that this Court recognize and exercise its jurisdiction over this matter and that the civil action instituted by Plaintiff in the Civil District Court for the Parish of Orleans, State of Louisiana, in the action entitled *Wanchella Smith v. Scottsdale Insurance Company*, Docket No. 2023-04155, Division "G," Section 11, be removed to this Court for all further proceedings.

Respectfully submitted:

s/Mark E. Hanna
MARK E. HANNA (#19336)
KATHRYN L. BRIUGLIO (#40291)
MOULEDOUX, BLAND, LEGRAND &
     BRACKETT, LLC
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:   (504) 522-2121
E-mail:      mhanna@mblb.com
             kbriuglio@mblb.com

*Attorneys for Scottsdale Insurance Company*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 30, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

      I further certify that I mailed the foregoing document and the notice of electronic filing by electronic mail to the following:

**Plaintiff, Wanchella Smith, through her counsel of record:**
Mark G. Montiel, Jr. (#36122)
Shelby S. Talley (#39050)
Jack F. Griffin (#40382)
Lawson Nguyen (#40469)
Landis S. Prestigiacomo (#40642)
Montiel Hodge, LLC
400 Poydras Street, Suite 2325
New Orleans, Louisiana 70130
Telephone:   (504) 323-5885
Fax:   (504) 308-0511
E-mail:   mmontiel@montielhodge.com
            stalley@montielhodge.com
            jgriffin@montielhodge.com
            lnguyen@montielhodge.com
            lsilva@montielhodge.com

                                        s/Mark E. Hanna